IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHARLES ALAN PFLUEGER,<br><br>            Plaintiff,<br><br>      vs.<br><br>DENNIS LAWRENCE DUBAN, ET AL.,<br><br>            Defendants. | CIVIL NO. 13-00395 DKW-RLP<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS/THIRD-PARTY PLAINTIFFS DENNIS LAWRENCE DUBAN AND DUBAN ACCOUNTANCY LLP, fka DUBAN, SATTLER & ASSOCIATES LLP'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS/
THIRD-PARTY PLAINTIFFS DENNIS LAWRENCE DUBAN AND DUBAN
ACCOUNTANCY LLP, fka DUBAN, SATTLER & ASSOCIATES LLP'S
PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT[1]

Before the Court is Defendants/Third-Party Plaintiffs Dennis Lawrence Duban and Duban Accountancy LLP, fka Duban, Sattler & Associates LLP's Petition for Determination of Good Faith Settlement, filed on December 30, 2016 ("Petition").  ECF No. 61.  The Petition seeks approval of the confidential settlement between the parties pursuant to Hawaii Revised Statutes Section 663-15.5.  On January 10, 2017, Third-Party Defendants Taryn R. Schuman, CPA, Inc. and Taryn R. Schuman filed a Position Statement, stating that they did not object to the position, but reserved their rights to clarify certain factual

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

allegations in the Petition. ECF No. 63. Plaintiff Charles Alan Pflueger and Third-Party Defendants Pflueger, Inc. and Randal Kurata filed a State of No Opposition to the Petition on January 18, 2017. ECF No. 64. Because no objections to the Petition were filed, the Court vacated the hearing set for February 10, 2017, and found this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d). ECF No. 65. After carefully considering the submissions of the parties and the relevant legal authority, the Court FINDS and RECOMMENDS that the Petition be GRANTED for the reasons set forth below.

## BACKGROUND

This action arises from a dispute between the parties regarding certain tax planning advice provided to Plaintiff by Defendants. The parties reached a confidential settlement on December 6, 2016. ECF No. 57. In the present Petition, Defendants/Third-Party Plaintiffs Dennis Lawrence Duban and Duban Accountancy LLP, fka Duban, Sattler & Associates LLP's seeks a determination of good faith settlement pursuant to Hawaii Revised Statutes Section 663-15.5.

## DISCUSSION

A finding of good faith settlement (1) discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the

amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all crossclaims against the settling joint tortfeasor, except where there is a written indemnity agreement.  Haw. Rev. Stat. § 663-15.5(a) and (d).  In determining whether parties have entered into a good faith settlement, the court must consider the "totality of the circumstances" including:

> (1) the type of case and difficulty of proof at trial . . .;
>
> (2) the realistic approximation of total damages that the plaintiff seeks;
>
> (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;
>
> (4) the predicted expense of litigation;
>
> (5) the relative degree of fault of the settling tortfeasors;
>
> (6) the amount of consideration paid to settle the claims;
>
> (7) the insurance policy limits and solvency of the joint tortfeasors;
>
> (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and
>
> (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Troyer v. Adams, 77 P.3d 83, 111 (Haw. 2003).

An agreement to settle a claim is made in good faith when the totality of circumstances reflects that the settlement was not collusive or aimed at injuring the interests of the non-settling parties. Id. Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment. Whirlpool Corp. v. CIT Grp./Bus. Credit, Inc., 293 F. Supp. 2d 1144, 1154 (D. Haw. 2003). The non-settling defendant has the burden of proof that the settlement agreement was not reached in good faith. Haw. Rev. Stat. § 663-15.5(b).

The Court has reviewed the factors set forth in Troyer v. Adams and the material terms of the settlement and finds that the essential terms of the settlement meet the purpose of Section 663-15.5 and are reasonable and in good faith. Given the totality of the circumstances and the absence of opposition, the Court finds that the parties entered into settlement in good faith.

## CONCLUSION

After careful consideration of the Petition, the lack of opposition thereto, and the totality of the circumstances, the Court FINDS that the settlement between the parties was in good faith under Hawaii Revised Statutes Section 663–15.5 and RECOMMENDS that Defendants/Third-Party Plaintiffs Dennis Lawrence

4

Duban and Duban Accountancy LLP, fka Duban, Sattler & Associates LLP's Petition for Determination of Good Faith Settlement be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 30, 2017.



_____
Richard L. Puglisi
United States Magistrate Judge

**PFLUEGER v. DUBAN, ET AL.;CIVIL NO. 13-00395 DKW-RLP; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS/THIRD-PARTY PLAINTIFFS DENNIS LAWRENCE DUBAN AND DUBAN ACCOUNTANCY LLP, fka DUBAN, SATTLER & ASSOCIATES LLP'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**